Matter of Graziani (2019 NY Slip Op 05530)





Matter of Graziani


2019 NY Slip Op 05530


Decided on July 10, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-05071

[*1]In the Matter of David G. Graziani, an attorney and counselor-at-law. (Attorney Registration No. 4083366)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 11, 2002. By order to show cause dated May 24, 2018, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of California, filed April 6, 2018.



 Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for Grievance Committee for the Tenth Judicial District.
David G. Graziani, Melville, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order filed April 6, 2018, the Supreme Court of California suspended the respondent from the practice of law in that state for two years, stayed execution of the suspension, and placed him on probation for a period of two years, subject to the following conditions: (1) the respondent was suspended from the practice of law for the first year of probation; (2) the respondent was required to comply with the other conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation, titled "Stipulation Re Facts, Conclusions of Law and Disposition," filed on December 15, 2017; and (3) at the expiration of the probation period, if the respondent complies with all conditions of probation, the period of stayed suspension will be satisfied and that suspension will be terminated. In addition, the respondent was directed to take and pass the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year after the effective date of the order and provide satisfactory proof of passage to the State Bar's Office of Probation. Furthermore, the respondent was directed to comply with California Rules of Court, rule 9.20, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the order.
The "Stipulation Re Facts, Conclusions of Law and Disposition" (hereinafter Stipulation), filed December 15, 2017, provided, inter alia, that the respondent was required to: (1) submit written quarterly reports to the Office of Probation on January 10, April 10, July 10, and October 10 of the period of probation; (2) provide satisfactory proof of attendance at a session of the Ethics School, within one year of the effective date of the order; (3) provide proof of passage of the MPRE during the period of actual suspension or within one year; and (4) make restitution to Mark Rollings in the principal amount of $20,000.30, with interest accruing at 10% per annum from September 19, 2016 (minimum payment of $200 at the first of the month).
The respondent was admitted to the California Bar on May 18, 2011.
California Proceedings 
The underlying facts are set forth in an attachment to the Stipulation. The discipline imposed by California concerned two matters: a complaint filed by Vadim Levotman, and a separate complaint filed by Mark Rollings. The respondent admitted the facts and his culpability as set forth below.
A. Vadim Levotman 
On March 23, 2015, Vadim Levotman hired the respondent to represent him in connection with obtaining a mortgage loan modification from Wells Fargo Bank. A retainer agreement, signed on March 23, 2015, stated: "Client hires the Firm to prepare and submit a first-lien loan modification application to Wells Fargo and any possible litigation that might arise from this submission." The retainer did not include certain language required by Civil Code section 2944.6, and the respondent did not provide that information in a separate writing. Pursuant to the retainer, Levotman paid the respondent $3,000 in two installments. At the time of the payments, the respondent had not completed the loan modification services he had agreed to perform. Subsequent to retention, the respondent and Levotman communicated by email on numerous occasions. In each communication, the respondent promised to complete the work. On September 24, 2015, Levotman emailed the respondent that his "patience had run out," requested a return of his retainer fee, and informed the respondent that Levotman would be hiring other counsel. On October 6, 2015, the respondent replied and promised to send Levotman his entire case file, including a draft of the loan modification application and final invoice.
On November 14, 2016, Levotman filed a complaint with the State Bar. On January 19, 2017, a State Bar investigator sent the respondent a letter requesting a response to the complaint. In a written response dated March 10, 2017, the respondent stated that he was never hired to perform a loan modification, but rather hired to exhaust "prelitigation remedies" before filing suit against the lender. The statement was not true. At the time the respondent made the statement, he knew it was untrue. Included with the respondent's response were various documents which were not genuine. The respondent knew the documents were not genuine when he provided them to the State Bar.
On February 17, 2017, the respondent sent Levotman an email promising to pay Levotman $3,300 in exchange for a signed settlement agreement. On March 23, 2017, Levotman provided the State Bar a copy of the proposed settlement agreement that the respondent asked Levotman to sign. A provision of the agreement required Levotman to withdraw his complaint. On August 23, 2017, the respondent refunded $3,000 to Levotman.
The State Bar Hearing Department reached the following conclusions of law:
(1) the respondent intentionally, recklessly, or repeatedly failed to perform legal services with competence in willful violation of Rules of Professional Conduct, rule 3-110(A), by failing to prepare or submit any loan modification from March 22, 2015, until September 24, 2015;
(2) the respondent willfully violated Business and Professions Code, section 6106.3, by failing to provide Levotman with the advisory specified by Civil Code section 2944.6 in writing;
(3) the respondent willfully violated former Business and Professions Code, section 6106.3, by charging and collecting $3,000 from Levotman to perform loan modification services before fully performing such services;
(4) the respondent committed an act of moral turpitude and thereby willfully violated Business and Professions Code, section 6106, by stating in writing to the State Bar investigator that the respondent was not hired to perform loan modification work, and by providing documents to the State Bar which he stated were genuine, which were not genuine, when the respondent knew such statements to be false; and
(5) the respondent willfully violated Business and Professions Code, section 6090.5(a)(2), by seeking an agreement from Levotman to withdraw his complaint and not cooperate with the investigation.
B. Mark Rollings 
On April 3, 2014, Mark Rollings requested the respondent obtain a loan modification on Rollings's behalf. The respondent agreed, and on April 14, 2014, Rollings paid the respondent $3,500 for such services. On May 25, 2014, the respondent submitted a loan modification application to Rollings's mortgage lender, Select Portfolio Services, Inc. (hereinafter SPS). On May 29, 2014, Rollings signed a retainer agreement which stated that the respondent would "perform prelitigation services and submit a completed loan modification application." The retainer did not [*2]provide certain language required by Civil Code section 2944.6, and the respondent did not provide that information in a separate writing. On January 2, 2015, SPS denied the request for a loan modification. On January 30, 2015, the respondent appealed the denial.
On February 3, 2015, Rollings paid the respondent an additional $5,000 to initiate litigation against SPS pursuant to the retainer agreement. On December 4, 2015, the respondent commenced an action in Los Angeles Superior Court, entitled Mark Rollings v. Select Portfolio Servicing, Inc. et al. , Case No. BC603234. Between January 26, 2016, and September 19, 2016, Rollings paid the respondent an additional $20,190.54 in furtherance of the litigation against SPS.
On May 6, 2016, the opposing party served discovery requests on the respondent. The respondent did not provide Rollings with or notify him of the discovery requests. Responses to the discovery requests were due by June 10, 2016, but the respondent did provide any responses. On June 16, 2016, opposing counsel sent the respondent a "meet and confer" letter, but the respondent did not reply to the letter. On July 1, 2016, opposing counsel filed a motion to compel discovery. The respondent did not file any opposition to the motion. On September 13, 2016, the court granted the motion and sanctioned the respondent $960. The respondent paid the sanction, but did not inform Rollings about the sanction. On September 23, 2016, opposing counsel moved for summary judgment. The respondent filed opposition papers. On October 1, 2016, the respondent provided unverified responses to the discovery requests, and did not substantively answer any requested item but instead replied with form objections. On December 7, 2016, judgment was entered on behalf of SPS.
Rollings terminated the respondent's representation on February 21, 2017. After the termination, Rollings learned of the respondent's failure to respond to the discovery requests and the motion to compel.
Between July 1, 2016, and August 25, 2016, the respondent was placed on administrative inactive status by the State Bar for failure to comply with the minimum continuing legal education requirements. The respondent billed Rollings for legal work that he performed on July 1, July 14, and July 15, 2016. The respondent did not tell Rollings that he had been placed on inactive status. The respondent also billed and charged Rollings for court appearances that he did not attend. At the time the respondent billed Rollings for these amounts, the respondent was aware that he had not appeared at the subject hearings.
On April 4, 2017, a State Bar investigator wrote to the respondent about the allegations made by Rollings. On June 9, 2017, the respondent replied by letter through counsel. The response included several documents that were not genuine, including a letter dated June 1, 2014, which purported to clarify the retainer agreement and stated that fees were for litigation, not for loan modification work. This document was never actually sent to Rollings. The June 9, 2017, response also included two "litigation update" letters. One purported to provide Rollings with the discovery requests. The other described the result of a July 15, 2016, ex parte hearing. None of these documents were genuine and, at the time the respondent provided them to the State Bar, the respondent knew that they were not genuine.
On November 2, 2017, the respondent refunded $8,690.24 of the $28,690.54 fees he collected from Rollings.
The State Bar Hearing Department reached the following conclusions of law:
(1) the respondent intentionally, recklessly, or repeatedly failed to perform legal services with competence in willful violation of Rules of Professional Conduct, rule 3-110(A), by failing to (a) provide the client with discovery requests served by opposing counsel; (b) timely respond to those discovery requests; (c) respond to a June 16, 2016 "meet and confer" letter; (d) file any response to the motion to compel; (e) attend a September 26, 2016, ADR review hearing; and (f) attend an October 13, 2016, order to show cause hearing;
(2) the respondent violated former Business and Professions Code section 6106.3, by failing to provide Rollings with the advisory specified by Civil Code section 2944.6 in writing;
(3) the respondent violated former Business and Professions Code section 6106.3, by charging and collecting $28,690.54 from Rollings to perform loan modification services and other work before respondent had fully performed such services;
(4) the respondent willfully violated Business and Professions Code, section 6068(m), by failing to inform his client of significant developments in the case, including: that (a) the respondent was ineligible to practice law from July 1, 2016, through August 25, 2016; (b) on May 6, 2016, opposing counsel had served discovery requests; (c) the respondent failed to respond to such [*3]requests until compelled to do so; (d) opposing counsel filed a motion to compel; (e) the court imposed sanctions; and (f) opposing counsel filed a motion for summary judgment;
(5) the respondent committed an act of moral turpitude and thereby willfully violated Business and Professions Code, section 6106, by billing his client for court appearances that respondent did not attend;
(6) the respondent committed an act of moral turpitude and thereby willfully violated Business and Professions Code, section 6106, by providing documents to the State Bar, claiming they were genuine when, they were, in fact, not genuine; and
(7) the respondent violated Business and Professions Code, section 6069(a), by practicing law between July 1, 2016, and August 25, 2016, when to do so was in violation of Business and Professions Code sections 6125 and 6126.
The following aggravating factors were noted: the respondent committed multiple acts of misconduct in two client matters; the respondent caused significant harm to the client, the public, or the administration of justice; and the respondent failed to make complete restitution. Mitigating factors were also noted: the respondent had no prior disciplinary history in California or New York; and the respondent was saving the State Bar significant time and resources by entering into the Stipulation and had acknowledged his misconduct.
Order to Show Cause 
By order to show cause dated May 24, 2018, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of California, filed April 6, 2018, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Committee, on or before July 16, 2018.
In response to the order to show cause, the respondent submitted an affidavit sworn to on July 16, 2018, wherein he neither asserted any defenses to the imposition of reciprocal discipline (see 22 NYCRR 1240.13[b]), nor requested a hearing. The respondent conceded that he lied to the California State Bar and provided it with documents that he knew to be not genuine, calling it a "life changing mistake" to have done so. In mitigation, he indicated that he had made partial restitution to Rollings, and had complied with various conditions of his probation (e.g., filing of quarterly reports, taking the MPRE and an ethics course). He highlighted his lack of a prior disciplinary history. The respondent requested that this Court impose a sanction that mirrors that which he received in California and that his one-year "actual" suspension commence July 15, 2018, the date he "voluntarily suspended" himself from the practice of law in New York.
Findings and Conclusion 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of California. The respondent neglected two client matters and fabricated documents to coverup his neglect. Furthermore, he admittedly lied to the California State Bar during the investigation. In view of the seriousness of the underlying misconduct and the deceptive nature of the conduct, in addition to the aggravating factors noted by the California disciplinary authorities, we conclude that a two-year suspension from the practice of law is warranted.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and HINDS-RADIX, JJ., concur.
ORDERED that, pursuant to 22 NYCRR 1240.13, the respondent, David G. Graziani, is suspended from the practice of law for two years, commencing August 9, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 9, 2021. In such application (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, [*4]the respondent, David G. Graziani, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, David G. Graziani, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, David G. Graziani, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court